UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY RONNING,

    Plaintiff,

              v.

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

    Defendant.
_____/

Civil Action No. 14-11893
Honorable Paul D. Borman
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [R. 9, 10]**

Plaintiff Timothy Ronning appeals a final decision of defendant Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI") under the Social Security Act (the "Act"). Both parties have filed summary judgment motions, referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court finds that the administrative law judge's ("ALJ") decision is supported by substantial evidence, and thus **RECOMMENDS** that:

- the Commissioner's motion [R. 10] be **GRANTED**;
- Ronning's motion [R. 9] be **DENIED**; and

- the Commissioner's decision be **AFFIRMED**, pursuant to sentence four of 42 U.S.C. § 405(g).

I.  **BACKGROUND**

   A.  **Ronning's Background and Disability Applications**

Born March 24, 1963, Ronning was 48 years old when he submitted his applications for disability benefits on March 15, 2012. [R. 6-6, Tr. 203]. He last worked as a custodian in August 2011. [*Id.*, Tr. 207]. Ronning alleges a disability onset date of August 2, 2011, claiming disability due to bilateral carpal tunnel in his hands, knee pain, back pain, and sleep apnea. [*Id.*, Tr. 203, 206; R. 6-2, Tr. 86].

After the Commissioner denied both disability applications initially, Ronning requested a hearing, which took place on January 3, 2013, and included the testimony of Ronning and a vocational expert ("VE"). [R. 6-2, Tr. 81-101]. In a January 29, 2013 written decision, the ALJ found Ronning to be not disabled. [*Id.*, Tr. 67-77]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner, and Ronning timely filed for judicial review. [*Id.*, Tr. 1-4; R. 1].

   B.  **The ALJ's Application of the Disability Framework Analysis**

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[1] Second, if the claimant has not had a severe impairment or a combination of such impairments[2] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity, and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the

---

[1] Sections 1520(a)(4) and 920(a)(4), which pertain to DIB and SSI respectively, list the same five-step analysis.
[2] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." § 1520(c); § 920(c).

3

Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Ronning was not disabled. At the first step, he found that Ronning had not engaged in substantial gainful activity since his alleged onset date. [R. 6-2, Tr. 69]. At the second step, he found that Ronning had the severe impairments of "mild osteoarthritis of the knees bilaterally; mild lumbar spine spondylosis with nerve involvement; obstructive sleep apnea; degenerative disc disease of the cervical spine; bipolar disorder; and intermittent explosive disorder." [*Id.*, Tr. 69]. Next, the ALJ concluded that none of his impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [*Id.*, Tr. 70].

Between the third and fourth steps, the ALJ found that Ronning had the RFC:

> to lift/carry 50 pounds occasionally and 25 pounds frequently; stand/walk 6 hours in an 8-hour day; sit 6 hours in an 8-hour day; and push/pull up to 50 pounds. The claimant must have a sit/stand option every hour. He is capable of frequent, as opposed to constant, postural activities. He is able to understand, remember, and carry out unskilled work involving no contact with the public.

[R. 6-2, Tr. 72]. At step four, the ALJ found that Ronning could not perform past relevant work. [*Id.*, Tr. 75]. With the assistance of VE testimony [*see*

4

*id.*, Tr. 97-98], the ALJ determined at step five that based on Ronning's age, education, work experience and RFC, he could perform the positions of bench assembler, inspector and general office clerk, for which significant jobs existed in the economy. [*Id.*, Tr. 76].

## II.  ANALYSIS

Pursuant to § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted).  Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Ronning's prior attorney filed a motion for summary judgment, but that attorney and his firm were terminated from this and other Social Security cases due to malfeasance. [*See* R. 14; 13-cv-14544, R. 16-4]. The malfeasance came to light after the attorney was "repeatedly criticized

by judicial officers in this district, and the relief requested [in his briefs] routinely denied, due to their 'conclusory assertions' and lack of any developed argument." [14-cv-10251, R. 13, PgID 574].  Ronning was given an opportunity to file another motion for summary judgment [*see* R. 19], but he did not do so.  In addition to considering the arguments in the motion filed by Ronning's prior attorney, the Court conducted an independent review of the evidence in the interests of justice.

The motion filed on behalf of Ronning argues that the ALJ erred in assessing his credibility; erred at step five because the hypothetical question he posed to the VE did not accurately describe his abilities and limitations (i.e., that the ALJ's RFC determination is unsupported); and erred in failing to explain how he weighed opinion evidence.  The Court disagrees and identifies no error independently.  Therefore, the ALJ's decision should be affirmed.

### A.   The ALJ's Credibility Determination is Sound

Credibility determinations of witnesses are within the province of the ALJ and should not be disturbed "absent compelling reason."  *Smith v. Halter,* 307 F.3d 377, 379 (6th Cir. 2001).  The Court finds no compelling reason to disturb the ALJ's credibility determination in this case.

6

The ALJ found that Ronning's "statements concerning the intensity, persistence and limiting effects of [his] symptoms [we]re not entirely credible" for several reasons.  First, the ALJ found that Ronning's daily activities were not limited to the extent one would expect based on his complaints of disabling symptoms and limitations.  [R. 6-2, Tr. 73].  Ronning testified that he spends his typical day watching DVDs and doing work around the house.  [*Id.*, Tr. 90].  He testified that he sweeps the floor, cleans the bathroom and kitchen, cuts the grass, shovels snow, goes grocery shopping, does laundry, drives, and takes out the trash.  [*Id.*, Tr. 88, 90-91].  In his function report, Ronning stated that he has no problem caring for his personal needs and can handle his finances independently.  [R. 6-6, Tr. 217, 219].  During a September 2012 emergency room visit for a chest bruise unrelated to his claims for disability, Ronning reported that he had been "working hard in a storage shed for the past several days," and had been "lifting and moving heavy objects" and "crawling around" the shed floor.  [R. 6-7, Tr. 295].  The ALJ discussed Ronning's daily activities and found that they were "not indicative of a totally disabled individual."  [R. 6-2, Tr. 73-74].  This finding was justified.  *See Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 392 (6th Cir. 2004) (the ALJ "justifiably considered

[plaintiff's] ability to conduct daily life activities in the face of his claim of disabling pain").

Next, the ALJ pointed to Ronning's testimony that he had been looking for work since being fired from his previous job but unable to find any. [R. 6-2, Tr. 74, citing *id.*, Tr. 92]. The ALJ found that the fact that Ronning had "been actively seeking work suggests that he is ready, willing, and able to work, contrary to his allegations of total disability." [*Id.*, Tr. 74]. The ALJ also cited to Ronning's function report, in which he indicated that he did not use any assistive device for ambulation, and the report of James Brasseur, D.O., a consultative examiner, opining that the clinical evidence did not demonstrate that Ronning needed a walking aid. [*Id.*, citing R. 6-6, Tr. 222; R. 6-7, Tr. 240]. He concluded that the fact that Ronning did not use a walking aid undermined his complaints of disabling knee. The ALJ's reliance on both of these facts – i.e., continued job search and no walking aid – were reasonable, and they support his credibility finding.

Most significantly, the ALJ found that Ronning's allegations of disabling pain and impairments were "out of proportion to the objective and clinical evidence of record." [R. 6-2, Tr. 74]. The Court agrees. As the ALJ points out, the finding from the consultative physical examination were essentially normal. Dr. Brasseur found that Ronning had full range of

motion of the cervical spine; all of his reflexes were normal; his upper extremities were normally developed and had normal range of motion; his lower extremities had normal range of motion; he had no restriction to forward, back or side bending; he ambulated normally without any discomfort or abnormal gait; Phalen's and Tinel's examinations were essentially negative; leg-raising was essentially negative; despite having carpal tunnel, both of his hands were "neurologically negative"; and his knees appeared to be "normal with flexion and extension." [R. 6-7, Tr. 237-42]. The results of Ronning's physical examinations throughout the record were continuously normal, further supporting the ALJ's credibility finding. [*See id.*, Tr. 281-83, 285-86, 288, 292-93, 296, 319-20, 324, 328, 334-35, 338-39, 351, 355, 357].

The ALJ's credibility determination is supported by substantial evidence, and Ronning has not provided a compelling reason to overturn it.

**B.     Substantial Evidence Supports the ALJ's RFC Assessment**

Ronning argues that the ALJ erred at step five because the hypothetical question he posed to the VE did not accurately describe his abilities and limitations. Essentially, Ronning argues that the ALJ's RFC determination is not supported by substantial evidence. Ronning bears the burden of proving that he requires a more restrictive RFC. *Her v. Comm'r*

9

of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999); *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008). When formulating a RFC, an ALJ is required only to incorporate those limitations that he finds credible. *Irvin v. Soc. Sec. Admin.*, 573 Fed. Appx. 498, 502 (6th Cir. 2014).

As discussed above, because the objective medical evidence showed normal physical findings, the ALJ justifiably found that Ronning's allegations regarding the extent of his limitations were not fully credible. Nonetheless, his RFC assessment included a sit/stand option every hour, limited postural activities, and a restriction to unskilled work involving no contact with the public. [R. 6-2, Tr. 72]. This RFC adequately accounts for the minor limitations caused by Ronning's physical impairments. Furthermore, the medical evidence does not support a finding that Ronning's obstructive sleep apnea or his mental impairments require a more restrictive RFC. Ronning testified that his CPAP machine for his sleep apnea helps him get a better sleep [*id.*, Tr. 89-90], and the limited evidence of Ronning's mental impairments shows that they are relatively minor. [R. 6-7, Tr. 320-21, 325, 329].

Ronning has not sustained his burden of demonstrating that a more restrictive RFC is warranted, and substantial evidence supports the ALJ's RFC assessment.

### C. Opinion Evidence

Ronning argues that the ALJ erred in explaining how he weighed the opinion evidence and resolved material inconsistencies in the evidence. This argument is without merit. Other than Dr. Brasseur's consultative examination, the only opinion evidence in the record was from a state agency single-decision maker. [R. 6-2, Tr. 75]. The ALJ correctly assigned the opinion of the single-decision maker no weight. *Wyatt v. Comm'r of Soc. Sec.*, No. 12-11406, 2013 WL 4483074, at *15 (E.D. Mich. Aug. 19, 2013). Further, the ALJ thoroughly discussed all the evidence in the record, including the consultative examination, other medical evidence, and Ronning's testimony and other allegations. The ALJ did not err in discussing the evidence or resolving conflicts therein.

### III. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that the Commissioner's motion [R. 10] be **GRANTED**; that Ronning's motion [R. 9] be **DENIED**; and that the Commissioner's decision be **AFFIRMED**, pursuant to sentence four of 42 U.S.C. § 405(g).

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: May 20, 2016

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in**

**length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 20, 2016.

                                        s/Marlena Williams
                                        MARLENA WILLIAMS
                                        Case Manager